IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JEREMIAH J. JONES, #13632-035                                          PETITIONER

VERSUS                                            CIVIL ACTION NO. 5:09-cv-95-DCB-MTP

BRUCE PEARSON                                                        RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for dismissal. The petitioner is presently incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi and filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241 on June 9, 2009. As relief, petitioner is requesting that twenty eight months served in state custody be credited to his federal sentence.

Background

Petitioner pleaded guilty to felon in possession of a firearm in the United States District Court for the Western District of Louisiana and was sentenced to 120 months in the custody of the Bureau of Prisons on August 23, 2007. Prior to his guilty plea, petitioner was in state custody in Lake Charles, Louisiana, serving a state sentence for burglary. Petitioner claims that the Bureau of Prisons is using August 23, 2007, as his entry date in error. Petitioner contends that he entered federal custody on June 21, 2005 and that he is entitled to credit towards his federal sentence from June 21, 2005 until August 18, 2008.[1]

This court entered an order [8] on September 9, 2009, directing petitioner to inform this

---

[1] This court notes that petitioner argues that he is owed twenty eight months towards his federal sentence. However, from the dates which petitioner presents to this court, it is apparent that the actual amount of time requested is twenty six months. Petitioner argues that he has not received credit from June 21, 2005 through August 18, 2008 with a break in time from June 21, 2005 until June 21, 2006 for which he earned state credit. Pet. [1], p. 2. Making the total amount of time which he is requesting twenty six months.

court if he had received credit towards his state sentence for burglary from June 21, 2005 until August 23, 2007. On September 18, 2009, petitioner filed a response [9] stating that he had received twenty eight months credit toward his state sentence.

## Analysis

According to the United States Court of Appeals for the Fifth Circuit, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Clearly, the petitioner in the instant civil action is challenging the manner in which his sentence is being executed.

Petitioner has exhausted his administrative remedies regarding the claims presented in his petition. Resp. [5]. In the Bureau of Prison's response to his administrative remedies, it states that petitioner received nunc pro tunc designation on July 18, 2008 and credit towards his federal sentence was applied from June 21, 2005 until June 21, 2006, when his state sentence commenced. Resp. [9], p. 7. The response also states that from June 22, 2006 until his federal sentence was imposed was time credited towards his state sentence. Id. The response from the Bureau of Prisons goes on to state that the petitioner in essence is requesting that his federal sentence begin before he was actually received into federal custody which is in violation of 18 U.S.C. § 3585(a). Id. Therefore, petitioner has actually already received nunc pro tunc designation.

Assuming petitioner takes issue with the Bureau of Prison's response, as aforementioned, petitioner stated in his response [9] that he has received credit for the "twenty eight" months he is

2

requesting towards his state sentence. Title 18 U.S.C. § 3585(b) allows for an inmate to receive credit "toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." Therefore, since the petitioner received credit toward his state sentence for the time in question, he is precluded by 18 U.S.C. § 3585(b) to receive credit toward his federal sentence.

## Conclusion

Therefore, based on the foregoing, this court has determined that petitioner has failed to present claims upon which his requested habeas relief can be granted. Consequently, this civil action will be dismissed with prejudice.

A final judgment in accordance with this memorandum opinion and order will be entered.

This the 28th day of October, 2009.

                                                s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE